## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MARYLAND
### (Northern Division)

JEREMY HUNT, *et al.*

      Plaintiffs,

v.

Case No. 8:18-cv-02485-PX

ALDI, INC.

      Defendant.

I, Ryan Rasmussen, am over the age of 18 and pursuant to 28 U.S.C. § 1746, state as follows:

1.      The following facts are based on my own personal knowledge and, if called as a witness, I could testify competently to them.

2.      I am currently employed by ALDI Inc. ("Aldi") as a Human Resources Associate within the Training & Development Department in Aurora, Illinois. I have held this position since September 25, 2017.

3.      In this position, I am responsible for working with a software vendor to roll out training modules through the ALDI Center for Education, which my team and other Aldi employees refer to as "ACE." In this position, I also have access to basic employment information about Aldi employees, such as their job position and dates of employment.

4.      From my review of the employment records available to me, I have learned that Dean B. Welch III is currently employed by Aldi as a Store Manager in Michigan within the Webberville Division of Aldi and that James Krakowski is currently employed by Aldi as a Store Manager in Illinois within the Oak Creek Division of Aldi.

1

5.      As a Human Resources Associate responsible for ACE content administration, I was tasked by Aldi with developing a module in ACE to roll out the "Arbitration Agreement Overview" and the "Mutual Arbitration Agreement Concerning Wages and Hours for Non-California Employees" (collectively referred to as the "Arbitration Agreement Module") to all current employees of Aldi except for those in the State of California.

6.      On March 27, 2019, I loaded into ACE as a five-page PDF the Arbitration Agreement Module.  Attached as Exhibit 1 is a true and correct copy of the Arbitration Agreement Module as it was published to Dean B. Welch III through ACE.  Attached as Exhibit 2 is a true and correct copy of the Arbitration Agreement Module as it was published to James Krakowski.  Exhibits 1 and 2 are identical in content, with the exception of the last page.  The last page of Exhibit 1 has a blank box at the end while the last page of Exhibit 2 bears a date and time stamp in a box at the end, outlined in black, that reads, "Digitally Acknowledged by James Krakowski on 4/18/2019 4:20 PM CDT."

7.      The first page of the Arbitration Agreement Module, as shown in both Exhibits 1 and 2, is a one-page document titled "**Arbitration Agreement Overview**."  The second and third pages of the Module, as shown in both Exhibits 1 and 2, constitute a two-page document titled "**MUTUAL ARBITRATION AGREEMENT CONCERNING WAGES AND HOURS FOR NON-CALIFORNIA EMPLOYEES**."  The fourth and fifth pages of this Module, as shown in both Exhibits 1 and 2, constitute a two-page document titled "**RULES APPENDIX TO ARBITRATION AGREEMENT**."

8.      The steps taken to access the ACE landing page differ among employees depending on whether they work in a (a) corporate or divisional office, (b) store, or (c) warehouse.  However, once at the ACE landing page, the process if the same for all non-

2

California employees. To access the Arbitration Agreement Module in ACE, the employee must first sign into ACE using a unique user ID provided by Aldi and a password that the employee selects and that is known only by that employee. If an employee forgets his or her password, the employee must call the National Information Technology help desk at Aldi to request a reset of his or her password with a temporary one that the employee would need to change immediately upon logging in with the temporarily-issued password. To obtain such a reset of the employee's password, the employee must personally call the help desk and provide the last four digits of his or her social security number to verify his or her identity.

9.      The ACE system allows me to view an individual employee's "Module History" to see when an employee first clicked on the link to the Arbitration Agreement Module, which opens it for review; whether the employee has clicked on the "Acknowledge" button; and, if so, when the employee clicked on the "Acknowledge" button. In addition, the ACE system allows me to pull a copy of the non-California employee's signed Arbitration Agreement if the employee has clicked on the "Acknowledge" button such that the Arbitration Agreement will bear both the employee's name and a date and time stamp. To generate the employee's name and the date and time stamp on the Arbitration Agreement, the employee must take all of the following steps in this order: (a) click on the link to open and review the Arbitration Agreement, (b) re-enter his or her unique user ID and self-created password, and (c) click on the "Acknowledge" button. If an employee signs into ACE and clicks on the link to the Arbitration Agreement Module but does not click on the "Acknowledge" button, his or her electronic signature with a date and time stamp will not appear on the Arbitration Agreement. The ACE system nonetheless tracks the fact that the employee logged into ACE and opened the Arbitration Agreement by clicking on the link for the Arbitration Agreement Module.

10.     Attached as Exhibit 3 is the ACE Module History for Dean B. Welch III, which shows that I published the Arbitration Agreement Module to Mr. Welch on March 27, 2019 at 1:39:20 PM CDT and that Mr. Welch logged into ACE with his unique user ID and self-selected password and clicked on the link that opened the Arbitration Agreement Module on April 12, 2019, at 3:07:44 PM CDT.

11.     Attached as Exhibit 4 is the ACE Module History for James Krakowski, which shows that I published the Arbitration Agreement Module to Mr. Krakowski on March 27, 2019 at 1:39:20 PM CDT and that he logged into ACE with his unique user ID and self-selected password and clicked on the link that opened the Arbitration Agreement Module on April 18, 2019, at 4:20:06 PM CDT.  His Module History also shows that James Krakowski clicked on the "Acknowledge" button on April 18, 2019, at 4:20:24 PM CDT, which created the electronic signature and date and time stamp on his Arbitration Agreement.

12.     I understand that I am not required by Aldi Inc. or any other entity to submit this declaration and that my decision to do so is purely voluntary.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on May 21, 2019, in Aurora, Illinois.

Ryan Rasmussen
_____
Ryan Rasmussen

4

# EXHIBIT 1



**Arbitration Agreement Overview**

As is the case in any workplace, disputes occasionally arise between employees and employers. We have a number of avenues for employees to raise complaints and for ALDI and employees to resolve issues, including those processes described in the ALDI Management System handbook, the Code of Conduct, and the employee handbook. In certain cases, when these processes have not worked to resolve our issues, employees (or ALDI) have resorted to litigation in the court system.

Resolving employment disputes through lawsuits has proven to be slow, time-consuming, and expensive, especially for matters involving employee pay disputes. As an alternative to litigation, for all disputes which cannot be resolved internally involving employee pay (including wage and hour claims), ALDI is adopting a mandatory, mutual arbitration program.

Arbitration is a process outside of the court system that will allow employees to pursue individual claims with many of the same rights and procedures that would be available in a lawsuit. It is a separate legal process for resolving disputes which is often less time consuming, less expensive, and can help parties reach a resolution more quickly than they would through litigation. In arbitration, both the employee and ALDI participate in selecting an arbitrator to act as a neutral third party and listen to both sides of the dispute. The arbitrator is directed to reach a legal conclusion, just as a judge would, and can provide the same remedies as if the dispute were in court.

Arbitration is private and enables an employee who makes a claim to keep a lower profile than a public lawsuit. It also enables an employee to air their concerns publicly and openly if that is their desire, subject to any limitations by the arbitrator. In other words, arbitration places control over the level of publicity given to the dispute in the hands of the parties involved in the arbitration.

Accordingly, ALDI is adopting a mandatory, mutual arbitration program in which all disputes involving employee pay (including wage and hour claims) as described in the attached Arbitration Agreement, between employees and ALDI which are not resolved internally, will be handled through individual arbitration rather than litigation. Claims of discrimination, sexual or other harassment, or retaliation, or any other employment claims, are not subject to the Arbitration Agreement.

If you have any questions about the Arbitration Agreement, please contact your direct leader.

> **Note on AMS**: We encourage you to continue to use all available internal dispute resolution processes, such as those described in the AMS Handbook, the Code of Conduct, and the Employee Handbook. Arbitration is only required for those specific disputes involving employee pay, as described in the Agreement, that cannot be resolved through these channels and would otherwise have been pursued by you or ALDI through litigation.

> **Important Note:** You will not be required to print the Agreement, although we ask you to click and acknowledge, via your electronic signature, that you have reviewed it in ACE and agree to it. **The Agreement will apply to you, and you will be deemed to have agreed to it, if you continue to work during your scheduled hours, or if you otherwise remain employed by ALDI (whether active or inactive), as of April 22, 2019.**

ALDI 004690

**MUTUAL ARBITRATION AGREEMENT CONCERNING WAGES AND HOURS FOR NON-CALIFORNIA EMPLOYEES**

1.      <u>Agreement to Arbitrate</u>. ALDI Inc. (including any of its parents, subsidiaries, affiliated companies, or any current or former employee of it acting within the scope of their employment) ("ALDI") and you agree to use binding arbitration, instead of going to court, for any "Covered Claims" that arise or have arisen between you and ALDI or any current or former employee of ALDI acting within the scope of his or her ALDI duties. **You will be deemed to have assented to this Agreement if you remain employed by ALDI on or after April 22, 2019 (i.e., it will apply to you if you are employed by ALDI on April 22, 2019 or thereafter).**

The Covered Claims under this Agreement are any statutory or common law legal claims, asserted or unasserted, alleging any claimed failure to pay or failure to reimburse, or any claimed inequality, insufficiency, underpayment or overpayment of: salary, regular wages, raises or step increases, minimum wage, overtime, bonuses, incentive payments, commissions, advances, tips, tip credits, paid time off, vacation or sick leave benefits, expenses, loans, or any element of compensation, arising under any federal, state, local or common law, including but not limited to laws relating to overtime, PTO or vacation, timing of payment, hours of work, the proper payment of wages, deductions from pay, recoupment of overpayments, hiring or payroll notices, payroll statements or recordkeeping and/or any other wage and hour requirements, practices, penalties or procedures.

**You understand and agree that arbitration is the only litigation forum for resolving Covered Claims, and that both ALDI and you are waiving the right to a trial before a judge or jury in federal or state court in favor of arbitration.**

The Arbitrator shall have the authority to award the same damages and other relief that would have been available in court pursuant to the law governing your Covered Claim(s).

2.      <u>Waiver of Class and Collective Claims</u>. ALDI and you also agree that Covered Claims will be arbitrated only on an individual basis, and that both ALDI and you waive the right to bring, participate in, join, or receive money or any other relief from any class, collective, or representative proceeding. You may not bring a claim on behalf of other individuals, and any arbitrator hearing your claim may not: (i) without the consent of all parties, combine more than one individual's claim or claims into a single case; (ii) participate in or facilitate notification of others of potential claims; or (iii) arbitrate any form of a class, collective, or representative proceeding.

3.      <u>Excluded Claims</u>. Covered Claims under this Agreement do not include claims alleging discrimination, harassment, retaliation, for worker's compensation, for unemployment compensation, or claims that cannot be required to be arbitrated as a matter of law. You also understand that you are not barred from filing a claim or charge with a governmental administrative agency, such as the Department of Labor. You also understand that if a third party seeks to have ALDI garnish your wages, you may be subject to third-party garnishment proceedings in court, even though such a dispute concerns your wages. In the event ALDI or you choose to pursue both Covered Claims and Excluded Claims, Covered Claims must be arbitrated and Excluded Claims must be litigated in court. In no event will Covered Claims be joined with Excluded Claims and litigated in court unless both parties agree.

4.      <u>At-Will Employment Unchanged by this Agreement.</u> Nothing in this Agreement changes your at-will employment relationship with ALDI.

5.      Internal Dispute Resolution. ALDI and you value our working relationship, and we would prefer to address and resolve concerns through normal workplace channels before resorting to arbitration of Covered Claims. In this regard, both ALDI and you understand that use of arbitration is intended to be a last resort, and both ALDI and you are encouraged to raise concerns with each other and attempt to resolve any concerns informally before filing for arbitration.

6.      How to File for Arbitration. To file a demand for arbitration, the party must prepare a written demand setting forth the claim(s) and file it as described in the employment dispute resolution rules of JAMS (https://www.jamsadr.com/rules-comprehensive-arbitration/), as further explained and/or modified in the attached Rules Appendix (which is incorporated as part of this Agreement).

7.      Right to Representation. Both ALDI and you shall have the right to be represented by an attorney in arbitration. Neither side is entitled to its attorneys' fees, except as may be awarded in a matter authorized by and consistent with this Agreement and applicable law.

8.      Applicable Substantive Law. The same substantive laws that would apply to a claim that would be filed in an appropriate court apply to claims in arbitration. In addition, the same remedies, limitations period, and administrative prerequisites to filing a lawsuit apply to an arbitration demand.

9.      Amendment. ALDI and you may enter into a revised agreement in writing with immediate effect if signed by both parties. In addition, you understand and agree that ALDI may change or terminate this agreement after giving you 60 days' written or electronic notice, but such change or termination shall not apply to a pending claim, except as may be required by applicable law. Your continuation of employment after receiving such amendment(s) shall be deemed accepted of the amended terms.

10.     Savings Clause & Conformity Clause. If any provision of this Agreement is determined to be unenforceable or in conflict with a mandatory provision of applicable law, it shall be construed to incorporate any mandatory provision, and/or the unenforceable or conflicting provision shall be automatically severed and the remainder of the Agreement shall not be affected. Provided, however, that if the Waiver of Class and Collective Claims is found to be unenforceable, then any claim brought on a class, collective, or representative action basis must be filed in a court of competent jurisdiction, and such court shall be the exclusive forum for such claims.

11.     Controlling Law. You agree that this Agreement is made pursuant to, shall be governed under, and may be enforced pursuant to the Federal Arbitration Act ("FAA"). In the event that the FAA is deemed to not apply, this Agreement shall be governed by and may be enforced under the arbitration act in the state in which you have worked for ALDI.

12.     Survival. This Agreement shall survive the employer-employee relationship and shall apply to any Covered Claim whether it arises or is asserted during or after your employment with ALDI.

**In addition to being deemed to have accepted this Agreement to Arbitrate through your continued employment with ALDI on or after April 22, 2019, by pressing the "Acknowledge" button in Step 3 in ACE, you are confirming your agreement to the Mutual Arbitration Agreement Concerning Wages and Hours for Non-California Employees, meaning that you and ALDI are agreeing to waive the right to a trial before a judge or jury and agreeing to an individual arbitration with respect to any Covered Claims.**

ALDI 004692

**RULES APPENDIX TO ARBITRATION AGREEMENT**

The employment dispute resolution rules of JAMS effective at the time of filing will apply. The current version can be found here: https://www.jamsadr.com/rules-employment-arbitration/english. These rules are modified by the terms of this Agreement, including the following:

a.  **Filing.** The party desiring to pursue a legal dispute must prepare a written demand setting forth the claim(s).

b.  **Interpretation of Arbitration Agreement.** If a party violates this Agreement by commencing an action asserting a Covered Claim in a court of law, then the court (and not an arbitrator) shall have the authority to resolve any disputes about the interpretation, formation, existence, enforceability, validity, and scope of the Agreement, including the Waiver of Class and Collective Claims. If a party complies with this Agreement and files for arbitration without filing a complaint in a court of law, then the Arbitrator shall have the authority to resolve any disputes about the interpretation of the Agreement for purposes of discovery or the merits of the underlying claim, but shall have no authority to resolve any disputes about the formation, existence, enforceability, or validity of the Agreement, including the Waiver of Class and Collective Claims.

c.  **Costs.** The party initiating arbitration will be required to pay an initial filing fee, which currently is $400 under the applicable rules. ALDI will pay all remaining fees and costs that are unique to arbitration, including the arbitrator's fees and the arbitration filing and administrative fees.

d.  **Location.** The arbitration shall take place at a mutually convenient location in the state where you worked for ALDI, unless the parties mutually agree to an alternative location.

e.  **Selecting an Arbitrator.** A list of nine potential arbitrators will be submitted to the parties by JAMS. From that list, ALDI and you will each have the opportunity to strike up to three names and "rank" our preference for the remaining names, and JAMS shall select an arbitrator that is highest ranked by both parties and not stricken by either party.

f.  **Discovery.** Due to the simplicity, informality, and expedited nature of arbitration proceedings, absent a showing of compelling need, the parties shall engage only in limited discovery, as follows:

    1)  Each party shall avoid broad or widespread collection, search, and production of documents, including electronically stored information ("ESI"). If compelling need is demonstrated by the requesting party, the production shall: (i) be narrowly tailored in scope; (ii) only come from sources that are reasonably accessible without undue burden or cost; (iii) be produced in a searchable format if ESI and which is usable by the receiving party and convenient and economical for the producing party; and (iv) not require electronic metadata. Where the costs and burdens of the requested discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, and the importance of the discovery in resolving the issues, the Arbitrator will deny such requests or order production on condition that the requesting party advance to the producing party the reasonable costs involved in making the production, subject to the allocation of costs in the final award.

    2)  Each party shall be entitled to only one interrogatory limited to the identification of potential witnesses, in a form consistent with Rule 33 of the Federal Rules of Civil Procedures ("FRCP").

3

ALDI 004693

3)      Each party shall be entitled to only 25 requests for production of documents, in a form consistent with Rule 34 of the FRCP.

4)      Each party shall be entitled to a maximum of two eight-hour days of depositions of witnesses in a form consistent with Rule 30 of the FRCP.

g.   **Arbitrator's Authority.**

1)      The Arbitrator shall decide all disputes related to discovery and to the agreed limits on discovery and may allow additional discovery upon a showing of an inability to pursue or defend certain claims without such additional discovery;

2)      For discovery purposes only, an Arbitrator may consolidate claims filed by multiple individual employees, each on their own behalf, in a single arbitration proceeding, or may conduct a joint hearing for efficiency purposes, so long as the Arbitrator does not certify (conditionally or otherwise) a collective, class, or representative action.

3)      The Arbitrator must issue a decision in writing, setting forth in summary form the reasons for the arbitrator's determination and the legal basis therefor;

4)      The Arbitrator's authority shall be limited to deciding the case submitted by the parties to the arbitration. Therefore, no decision by any Arbitrator shall serve as binding authority in other arbitrations except to preclude the same claim from being re-arbitrated between the same parties; and

5)      The Arbitrator must provide a meaningful opportunity for the filing of dispositive motions (and responses to them) and must evaluate any such motion consistent with the standards of FRCP 12 or 56, as applicable, and thus may issue a full or partial award, in writing, with reasons, without conduct a hearing. No hearing on the merits may be conducted until at least 30 days after a ruling on a dispositive motion.

h.   **Settlement**. ALDI and you may settle any dispute on a mutual basis without involvement of the Arbitrator.

4

ALDI 004694

# EXHIBIT 2



### Arbitration Agreement Overview

As is the case in any workplace, disputes occasionally arise between employees and employers. We have a number of avenues for employees to raise complaints and for ALDI and employees to resolve issues, including those processes described in the ALDI Management System handbook, the Code of Conduct, and the employee handbook. In certain cases, when these processes have not worked to resolve our issues, employees (or ALDI) have resorted to litigation in the court system.

Resolving employment disputes through lawsuits has proven to be slow, time-consuming, and expensive, especially for matters involving employee pay disputes. As an alternative to litigation, for all disputes which cannot be resolved internally involving employee pay (including wage and hour claims), ALDI is adopting a mandatory, mutual arbitration program.

Arbitration is a process outside of the court system that will allow employees to pursue individual claims with many of the same rights and procedures that would be available in a lawsuit. It is a separate legal process for resolving disputes which is often less time consuming, less expensive, and can help parties reach a resolution more quickly than they would through litigation. In arbitration, both the employee and ALDI participate in selecting an arbitrator to act as a neutral third party and listen to both sides of the dispute. The arbitrator is directed to reach a legal conclusion, just as a judge would, and can provide the same remedies as if the dispute were in court.

Arbitration is private and enables an employee who makes a claim to keep a lower profile than a public lawsuit. It also enables an employee to air their concerns publicly and openly if that is their desire, subject to any limitations by the arbitrator. In other words, arbitration places control over the level of publicity given to the dispute in the hands of the parties involved in the arbitration.

Accordingly, ALDI is adopting a mandatory, mutual arbitration program in which all disputes involving employee pay (including wage and hour claims) as described in the attached Arbitration Agreement, between employees and ALDI which are not resolved internally, will be handled through individual arbitration rather than litigation. Claims of discrimination, sexual or other harassment, or retaliation, or any other employment claims, are not subject to the Arbitration Agreement.

If you have any questions about the Arbitration Agreement, please contact your direct leader.

> **Note on AMS**: We encourage you to continue to use all available internal dispute resolution processes, such as those described in the AMS Handbook, the Code of Conduct, and the Employee Handbook. Arbitration is only required for those specific disputes involving employee pay, as described in the Agreement, that cannot be resolved through these channels and would otherwise have been pursued by you or ALDI through litigation.

> **Important Note:** You will not be required to print the Agreement, although we ask you to click and acknowledge, via your electronic signature, that you have reviewed it in ACE and agree to it. **The Agreement will apply to you, and you will be deemed to have agreed to it, if you continue to work during your scheduled hours, or if you otherwise remain employed by ALDI (whether active or inactive), as of April 22, 2019.**

ALDI 004698

**MUTUAL ARBITRATION AGREEMENT CONCERNING WAGES AND HOURS FOR NON-CALIFORNIA EMPLOYEES**

1.        Agreement to Arbitrate. ALDI Inc. (including any of its parents, subsidiaries, affiliated companies, or any current or former employee of it acting within the scope of their employment) ("ALDI") and you agree to use binding arbitration, instead of going to court, for any "Covered Claims" that arise or have arisen between you and ALDI or any current or former employee of ALDI acting within the scope of his or her ALDI duties. **You will be deemed to have assented to this Agreement if you remain employed by ALDI on or after April 22, 2019 (i.e., it will apply to you if you are employed by ALDI on April 22, 2019 or thereafter).**

The Covered Claims under this Agreement are any statutory or common law legal claims, asserted or unasserted, alleging any claimed failure to pay or failure to reimburse, or any claimed inequality, insufficiency, underpayment or overpayment of: salary, regular wages, raises or step increases, minimum wage, overtime, bonuses, incentive payments, commissions, advances, tips, tip credits, paid time off, vacation or sick leave benefits, expenses, loans, or any element of compensation, arising under any federal, state, local or common law, including but not limited to laws relating to overtime, PTO or vacation, timing of payment, hours of work, the proper payment of wages, deductions from pay, recoupment of overpayments, hiring or payroll notices, payroll statements or recordkeeping and/or any other wage and hour requirements, practices, penalties or procedures.

**You understand and agree that arbitration is the only litigation forum for resolving Covered Claims, and that both ALDI and you are waiving the right to a trial before a judge or jury in federal or state court in favor of arbitration.**

The Arbitrator shall have the authority to award the same damages and other relief that would have been available in court pursuant to the law governing your Covered Claim(s).

2.        Waiver of Class and Collective Claims. ALDI and you also agree that Covered Claims will be arbitrated only on an individual basis, and that both ALDI and you waive the right to bring, participate in, join, or receive money or any other relief from any class, collective, or representative proceeding. You may not bring a claim on behalf of other individuals, and any arbitrator hearing your claim may not: (i) without the consent of all parties, combine more than one individual's claim or claims into a single case; (ii) participate in or facilitate notification of others of potential claims; or (iii) arbitrate any form of a class, collective, or representative proceeding.

3.        Excluded Claims. Covered Claims under this Agreement do not include claims alleging discrimination, harassment, retaliation, for worker's compensation, for unemployment compensation, or claims that cannot be required to be arbitrated as a matter of law. You also understand that you are not barred from filing a claim or charge with a governmental administrative agency, such as the Department of Labor. You also understand that if a third party seeks to have ALDI garnish your wages, you may be subject to third-party garnishment proceedings in court, even though such a dispute concerns your wages. In the event ALDI or you choose to pursue both Covered Claims and Excluded Claims, Covered Claims must be arbitrated and Excluded Claims must be litigated in court. In no event will Covered Claims be joined with Excluded Claims and litigated in court unless both parties agree.

4.        At-Will Employment Unchanged by this Agreement. Nothing in this Agreement changes your at-will employment relationship with ALDI.

ALDI 004699

5.    <u>Internal Dispute Resolution</u>. ALDI and you value our working relationship, and we would prefer to address and resolve concerns through normal workplace channels before resorting to arbitration of Covered Claims. In this regard, both ALDI and you understand that use of arbitration is intended to be a last resort, and both ALDI and you are encouraged to raise concerns with each other and attempt to resolve any concerns informally before filing for arbitration.

6.    <u>How to File for Arbitration</u>. To file a demand for arbitration, the party must prepare a written demand setting forth the claim(s) and file it as described in the employment dispute resolution rules of JAMS (https://www.jamsadr.com/rules-comprehensive-arbitration/), as further explained and/or modified in the attached Rules Appendix (which is incorporated as part of this Agreement).

7.    <u>Right to Representation</u>. Both ALDI and you shall have the right to be represented by an attorney in arbitration. Neither side is entitled to its attorneys' fees, except as may be awarded in a matter authorized by and consistent with this Agreement and applicable law.

8.    <u>Applicable Substantive Law</u>. The same substantive laws that would apply to a claim that would be filed in an appropriate court apply to claims in arbitration. In addition, the same remedies, limitations period, and administrative prerequisites to filing a lawsuit apply to an arbitration demand.

9.    <u>Amendment.</u> ALDI and you may enter into a revised agreement in writing with immediate effect if signed by both parties. In addition, you understand and agree that ALDI may change or terminate this agreement after giving you 60 days' written or electronic notice, but such change or termination shall not apply to a pending claim, except as may be required by applicable law. Your continuation of employment after receiving such amendment(s) shall be deemed accepted of the amended terms.

10.    <u>Savings Clause & Conformity Clause</u>. If any provision of this Agreement is determined to be unenforceable or in conflict with a mandatory provision of applicable law, it shall be construed to incorporate any mandatory provision, and/or the unenforceable or conflicting provision shall be automatically severed and the remainder of the Agreement shall not be affected. Provided, however, that if the Waiver of Class and Collective Claims is found to be unenforceable, then any claim brought on a class, collective, or representative action basis must be filed in a court of competent jurisdiction, and such court shall be the exclusive forum for such claims.

11.    <u>Controlling Law</u>. You agree that this Agreement is made pursuant to, shall be governed under, and may be enforced pursuant to the Federal Arbitration Act ("FAA"). In the event that the FAA is deemed to not apply, this Agreement shall be governed by and may be enforced under the arbitration act in the state in which you have worked for ALDI.

12.    <u>Survival</u>. This Agreement shall survive the employer-employee relationship and shall apply to any Covered Claim whether it arises or is asserted during or after your employment with ALDI.

**In addition to being deemed to have accepted this Agreement to Arbitrate through your continued employment with ALDI on or after April 22, 2019, by pressing the "Acknowledge" button in Step 3 in ACE, you are confirming your agreement to the Mutual Arbitration Agreement Concerning Wages and Hours for Non-California Employees, meaning that you and ALDI are agreeing to waive the right to a trial before a judge or jury and agreeing to an individual arbitration with respect to any Covered Claims.**

ALDI 004700

## RULES APPENDIX TO ARBITRATION AGREEMENT

The employment dispute resolution rules of JAMS effective at the time of filing will apply. The current version can be found here: https://www.jamsadr.com/rules-employment-arbitration/english. These rules are modified by the terms of this Agreement, including the following:

a.  **Filing.** The party desiring to pursue a legal dispute must prepare a written demand setting forth the claim(s).

b.  **Interpretation of Arbitration Agreement.** If a party violates this Agreement by commencing an action asserting a Covered Claim in a court of law, then the court (and not an arbitrator) shall have the authority to resolve any disputes about the interpretation, formation, existence, enforceability, validity, and scope of the Agreement, including the Waiver of Class and Collective Claims. If a party complies with this Agreement and files for arbitration without filing a complaint in a court of law, then the Arbitrator shall have the authority to resolve any disputes about the interpretation of the Agreement for purposes of discovery or the merits of the underlying claim, but shall have no authority to resolve any disputes about the formation, existence, enforceability, or validity of the Agreement, including the Waiver of Class and Collective Claims.

c.  **Costs.** The party initiating arbitration will be required to pay an initial filing fee, which currently is $400 under the applicable rules. ALDI will pay all remaining fees and costs that are unique to arbitration, including the arbitrator's fees and the arbitration filing and administrative fees.

d.  **Location.** The arbitration shall take place at a mutually convenient location in the state where you worked for ALDI, unless the parties mutually agree to an alternative location.

e.  **Selecting an Arbitrator.** A list of nine potential arbitrators will be submitted to the parties by JAMS. From that list, ALDI and you will each have the opportunity to strike up to three names and "rank" our preference for the remaining names, and JAMS shall select an arbitrator that is highest ranked by both parties and not stricken by either party.

f.  **Discovery.** Due to the simplicity, informality, and expedited nature of arbitration proceedings, absent a showing of compelling need, the parties shall engage only in limited discovery, as follows:

    1)    Each party shall avoid broad or widespread collection, search, and production of documents, including electronically stored information ("ESI"). If compelling need is demonstrated by the requesting party, the production shall: (i) be narrowly tailored in scope; (ii) only come from sources that are reasonably accessible without undue burden or cost; (iii) be produced in a searchable format if ESI and which is usable by the receiving party and convenient and economical for the producing party; and (iv) not require electronic metadata. Where the costs and burdens of the requested discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, and the importance of the discovery in resolving the issues, the Arbitrator will deny such requests or order production on condition that the requesting party advance to the producing party the reasonable costs involved in making the production, subject to the allocation of costs in the final award.

    2)    Each party shall be entitled to only one interrogatory limited to the identification of potential witnesses, in a form consistent with Rule 33 of the Federal Rules of Civil Procedures ("FRCP").

3

ALDI 004701

3)      Each party shall be entitled to only 25 requests for production of documents, in a form consistent with Rule 34 of the FRCP.

4)      Each party shall be entitled to a maximum of two eight-hour days of depositions of witnesses in a form consistent with Rule 30 of the FRCP.

g.  **Arbitrator's Authority.**

1)      The Arbitrator shall decide all disputes related to discovery and to the agreed limits on discovery and may allow additional discovery upon a showing of an inability to pursue or defend certain claims without such additional discovery;

2)      For discovery purposes only, an Arbitrator may consolidate claims filed by multiple individual employees, each on their own behalf, in a single arbitration proceeding, or may conduct a joint hearing for efficiency purposes, so long as the Arbitrator does not certify (conditionally or otherwise) a collective, class, or representative action.

3)      The Arbitrator must issue a decision in writing, setting forth in summary form the reasons for the arbitrator's determination and the legal basis therefor;

4)      The Arbitrator's authority shall be limited to deciding the case submitted by the parties to the arbitration. Therefore, no decision by any Arbitrator shall serve as binding authority in other arbitrations except to preclude the same claim from being re-arbitrated between the same parties; and

5)      The Arbitrator must provide a meaningful opportunity for the filing of dispositive motions (and responses to them) and must evaluate any such motion consistent with the standards of FRCP 12 or 56, as applicable, and thus may issue a full or partial award, in writing, with reasons, without conduct a hearing. No hearing on the merits may be conducted until at least 30 days after a ruling on a dispositive motion.

h.  **Settlement**. ALDI and you may settle any dispute on a mutual basis without involvement of the Arbitrator.

---

Digitally Acknowledged by James Krakowski on 4/18/2019 4:20 PM CDT

4

ALDI 004702

# EXHIBIT 3

3

## Module History Details

Showing Instance 1 of 1

User: 143644 - Dean B. Welch Iii

Module: ALDI-LEGAL1 - Arbitration Agreement

Assigned: 3/27/2019 via Administrative Assignment

Due: 4/22/2019

Started: 4/12/2019 3:07 PM CDT

Completion Date: N/A

Status: In Progress

Event Type: 2 of 2 Selected

| Status Change | 4/12/2019 3:07:44 PM CDT |
|---|---|
| New Status: In Progress<br>By: Dean B. Welch Iii | |

| Compliance Link Click | 4/12/2019 3:07:44 PM CDT |
|---|---|
| Link Name: Arbitration Agreement<br>Status: Delivered<br>By: Dean B. Welch Iii | Language: English<br>Version: 4 |

| Status Change | 3/27/2019 1:39:20 PM CDT |
|---|---|
| New Status: Not Started<br>By: Ryan M. Rasmussen | |

ALDI 004695

# EXHIBIT 4

4

## Module History Details

Showing Instance 1 of 1

User: 101047 - James Krakowski

Module: ALDI-LEGAL1 - Arbitration Agreement

Assigned: 3/27/2019 via Administrative Assignment

Due: 4/22/2019

Started: 4/18/2019 4:20 PM CDT

Completion Date: 4/18/2019

Status: Completed

Event Type: 3 of 3 Selected

| Status Change | 4/18/2019 4:20:24 PM CDT |
|---|---|
| **New Status:** Completed<br>**By:** James Krakowski | |

| Compliance Acknowledgement | 4/18/2019 4:20:24 PM CDT |
|---|---|
| **By:** James Krakowski<br>Document Archive<br>  Arbitration Agreement (English v4) | |

| Status Change | 4/18/2019 4:20:06 PM CDT |
|---|---|
| **New Status:** In Progress<br>**By:** James Krakowski | |

| Compliance Link Click | 4/18/2019 4:20:06 PM CDT |
|---|---|
| **Link Name:** Arbitration Agreement<br>**Status:** Finalized<br>**By:** James Krakowski | **Language:** English<br>**Version:** 4 |

| Status Change | 3/27/2019 1:39:20 PM CDT |
|---|---|
| **New Status:** Not Started<br>**By:** Ryan M. Rasmussen | |

https://lms.aldi-499.loc/admin/dpa/edit/209010

5/13/2019

ALDI 004697