# EXHIBIT O

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Northern Division)

**JEREMY HUNT,** *et al.*

    Plaintiffs,

v.

**ALDI, INC.**

    Defendant.

Case No. 8:18-cv-02485-PX

## DECLARATION OF LYNN MOSER

I, Lynn Moser, am over the age of 18 and pursuant to 28 U.S.C. § 1746, state as follows:

1. The following facts are based on my own personal knowledge and, if called as a witness, I could testify competently to them.

2. I am currently employed by ALDI Inc. as the Group Director Human Resources. In this role, I have access to information about how ALDI employees are classified and paid as well as knowledge of the types of Human Resources databases and repositories that ALDI has implemented in recent years.

3. ALDI rolled out a Human Resources Information System called "MyHR" companywide on February 18, 2019. Before the rollout of MyHR, ALDI did not collect e-mail addresses for Store Managers through an HR database or other electronic repository. In addition, Store Managers who were employed before February 18, 2019 and remained employed after that date have been given the option of voluntarily providing ALDI with a personal e-mail address through this new MyHR system, but there is no requirement that they do so. Only new hires after February 18, 2019 have been required to provide a personal e-mail address through the new MyHR system. Thus, ALDI does not have a repository with e-mail addresses for any Store

Managers whose employment ended before February 18, 2019, and it would likely not have e-mail addresses for many of the Store Managers who began their employment before February 18, 2019 and have remained employed with ALDI subsequent to that date.

4. Store Managers in California have been classified as non-exempt, hourly-paid and have received overtime pay for any overtime worked since the first date of their employment in a California store. The first California stores opened, and thus the first Store Managers began work in California, as part of a new Moreno Valley Division in March of 2016. The decision to classify and pay California-based Store Managers as hourly, non-exempt employees was not in response to any "state action," as I understand Plaintiffs have alleged. Rather, it was a decision by the Moreno Valley Division upon the creation of that Division based on its understanding of the overtime exemption requirements of California law.

5. I understand that I am not required by ALDI Inc. or any other entity to submit this declaration and that my decision to do so is purely voluntary.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October _16_, 2019, in Aurora, Illinois.

_____
Lynn Moser