# EXHIBIT Q

```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND
                    SOUTHERN DISTRICT
```

- - - - - - - - - - - - - - - - x
JEREMY HUNT, et al.,             :       **ORIGINAL**
                                 :
         Plaintiffs,             :    Civil No. 18-02485-PX
                                 :
    v.                           :
                                 :
ALDI, INC.,                      :
                                 :
         Defendant.              :    Greenbelt, Maryland
                                 :
- - - - - - - - - - - - - - - - x    April 4, 2019


**TELEPHONE CONFERENCE**


         BEFORE:   THE HONORABLE PAULA XINIS, Judge


APPEARANCES:                    GREG SWEGMAN, Esq.
                                Law Offices of Peter T. Nicholl
                                36 South Charles Street
                                Suite 1700
                                Baltimore, MD 21201
                                     On Behalf of the Plaintiff

                                LOUISA JOHNSON, Esq.
                                Seyfarth Shaw LLP
                                1075 Peachtree Street NE
                                Suite 2500
                                Atlanta, GA 30309-3962
                                     On Behalf of the Defendant

Audio Operator:                 Brian Ulander

Transcription Company:          CompuScribe
                                P.O. Box 789
                                Cheltenham, Maryland  20706-9998


Proceeding recorded by electronic sound recording,
transcript produced by transcription service.

1   that being said --
2            THE COURT:  I mean, I think the plain language of
3   19307.3 references advertising on the outside of the
4   envelope.  I have not received to supplement.  So obviously
5   looking at the letter, it was very concerning.  I know as a
6   common practice the letters often do say advertising as well
7   for this very reason.  Because --- separated her letters and
8   that this letter is -- I got to tell you it is troubling to
9   me because it does in sum and substance constitute and end
10  run around the opt in process.
11           When -- you are telling me that if they sign here,
12  they are authorizing consent of the filing and prosecution of
13  the FLSA action in their name and on behalf of all persons
14  similarly situated.  That is ultimately going to be my call.
15  And --
16           MR. SWEGMAN:  Yes, it is.
17           THE COURT:  -- yes, so you -- these letters
18  basically ask for someone to sign and sign up potentially
19  without ever having spoken to anyone about this case, which
20  is the second problem?  So I am not quite sure whether --
21  well let me say this, you don't yet have because you have
22  said they are advertising, you do not have an attorney client
23  relationship with the individuals in the first instance?
24  These are folks who you are soliciting to sign up.
25           MR. SWEGMAN:  That is correct.

1  is relevant in discovery or on conditional certifications
2  doesn't mean that I am going to buy the defendant's argument
3  in the end.  So let me say that.
4              MR. SWEGMAN:  Okay and I understand --
5              THE COURT:  Yes, their smaller point though or
6  their secondary point which is it is relevant to conditional
7  certification, I do credit.  That is -- at least that is
8  where I am right now.  You haven't convinced me otherwise.
9              MR. SWEGMAN:  Okay.  Well, I would submit under the
10 circumstances that the -- I am not sure quite frankly where
11 the burden would lie in terms of convincing but I am --
12             THE COURT:  Well, the defense --
13             MR. SWEGMAN:  -- somewhere --
14      (Whereupon, both parties are speaking simultaneously.)
15             THE COURT:  -- the defendants have asked for it and
16 you have objected, if I understand it right, your initial
17 objection was attorney client privilege which not on the
18 table anymore.  Your second objection is it doesn't -- it is
19 not relevant and to the extent that I don't credit your
20 arguments, it is your burden because this is all about --
21 here is the thing is, the big elephant in the room is this is
22 all about conditional certification of a particular class and
23 you have already sent out one solicitation which basically
24 does in the end run around the very process that we are
25 engaging in.

| | |
|---|---|
| 1 | MR. SWEGMAN: Your Honor? |
| 2 | THE COURT: Yes? |
| 3 | MR. SWEGMAN: George Swegman again. Let me just |
| 4 | propose this. It sounds as if the concerns might be met by |
| 5 | letting defendants know all of the people who responded to |
| 6 | this particular letter. Now there was -- |
| 7 | THE COURT: No, that doesn't -- nope, I am not |
| 8 | persuaded. I have to tell you this -- a response is not |
| 9 | meeting the question at hand. Document request number 1 |
| 10 | requests "All documents concerning your communications with |
| 11 | those who you contend are similarity situated to you, this |
| 12 | specifically includes but is not limited to communications |
| 13 | like the one attached at Exhibit A, that your attorney sent |
| 14 | on your behalf in this case." |
| 15 | I am going to grant that request. You have to |
| 16 | disclose not only A but any other similar letters. Those |
| 17 | would be the documents concerning communication. Then with |
| 18 | regards to interrogatory number 4, "Identify all persons to |
| 19 | whom communications about this lawsuit have been sent by you, |
| 20 | which includes by your counsel" and -- |
| 21 | MR. SWEGMAN: Right. |
| 22 | THE COURT: -- that again is at A or any |
| 23 | communication like A. And that includes social media which |
| 24 | would be your website except I can't find any evidence that |
| 25 | on the -- |

```
 1            MR. SWEGMAN:  Exactly.  And I will --
 2            THE COURT:  --- and you all have to get to the
 3   bottom of that.  So in sum and substance, I am going to grant
 4   the -- I am going to say that you have to comply with the
 5   ROG(sic) and the RTD.  We do this in lieu of formal motions
 6   to compel to keep down the costs.
 7            MR. SWEGMAN:  I understand that.
 8            THE COURT:  So --
 9            MR. SWEGMAN:  Let me just get clarification.  They
10   are asking for the identity, will that include the address of
11   the persons that were on the list of this mailing?
12            THE COURT:  Well, I do think it is -- yes.
13            MR. SWEGMAN:  Okay, so there is address --
14            THE COURT:  Because I mean, frankly these are all
15   the employees in any event --
16            MR. SWEGMAN: Yes.
17            THE COURT:  -- so the extent that --
18            MR. SWEGMAN:  Well, no -- I just so that you are
19   certain where everything is, some of them are ALDI employees.
20   Some of them were ALDI employees but are no longer ALDI
21   employees and that is true of most of the plaintiffs, the
22   named plaintiffs in the case.  And as I am sure you are
23   aware, people who still work for the company are generally
24   reluctant to get involved in something like this for reasons
25   that are apparent to everyone.  But I will provide names and
```